UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIOUS EUGENE EASTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-596-GSL-AZ |
| ELKHART COUNTY JAIL and T. MILLER, | |
| Defendants. | |

OPINION AND ORDER

Darious Eugene Easton, a prisoner without a lawyer, filed a complaint. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Easton sues the Elkhart County Jail and T. Miller after he was allegedly forced into a cell flooded with water and feces, where he slipped and injured his head, neck, and back. He says he was taken to an emergency room in Elkhart for treatment. These barebone facts do not provide enough detail for the complaint to proceed.

First, Easton does not allege a basis to hold either defendant liable. The Elkhart County Jail is a building and not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). And Easton does not mention T. Miller in the body of the complaint. A defendant must have personal involvement in the alleged constitutional violation in order to be held liable. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). With any allegations about Miller's involvement, Miller cannot be held responsible.

Second, Easton must provide more information than he slipped and fell in order to state a claim. *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces . . . without more, cannot constitute a hazardous condition of confinement"). The presence of water and feces in the cell might raise this situation to a constitutional matter. But the complaint lacks relevant details, such as why the cell floor was dirty, how extensive the mess on the floor was, who forced Easton into the cell, why he was out of his cell, why he was forced back into his cell, and when this happened. Without more information, any potential claims in the complaint cannot proceed.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

     This complaint does not state a claim for which relief can be granted. If Easton believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. When completing the form, it is important that he explain the circumstances surrounding his fall, including when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages.

For these reasons, the court:

(1) GRANTS Darious Eugene Easton until **November 15, 2025**, to file an amended complaint; and

(2) CAUTIONS Darious Eugene Easton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 10, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT