UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARIOUS EUGENE EASTON,

Plaintiff,

v.

T. MILLER, ELKHART CO SHERIFFS DEPARTMENT, AND ELKHART COUNTY,

Defendants.

CAUSE NO. 3:25-CV-596-GSL-AZ

OPINION AND ORDER

Darious Eugene Easton, a prisoner without a lawyer, filed an amended complaint. ECF 20. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Easton alleges that he was a pre-trial detainee at the Elkhart County Jail on September 10, 2023, when he was denied a shower and then sent to segregation for pressing the call button. When he arrived at the cell in the segregation unit, the floor was cover in feces because another inmate had just flooded the cell. Officer T. Miller ordered Easton to enter the cell and refused to clean the feces off the floor. Officer T.

Miller threatened to use force if Easton did not enter the cell. Easton entered, but he slipped and fell on the soiled floor. He blacked out and was taken to the emergency room, where he was diagnosed with a concussion. When he returned to the jail, he was placed in the medical pod wearing the same soiled jumpsuit that he had on when he slipped on the floor. He was not permitted to shower until the next day.

As a pretrial detainee, Easton is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A defendant violates the Fourteenth Amendment if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a

challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). Giving Easton the benefit of all favorable inferences, as the court must at this stage of the case, he has stated a claim against Officer T. Miller for forcing him to enter a recently flooded cell with feces all over the floor.

However, Easton may not proceed against either the Elkhart County Sheriff's Department or Elkhart County. Neither the Sheriff's Department nor Elkhart County can be held liable under 42 U.S.C. § 1983 based solely on the actions of its employees. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). A claim under § 1983 against a governmental entity requires a plaintiff to plausibly allege that he was deprived of a federal right by an official policy, custom, or practice attributable to the organization. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In other words, a claim under *Monell* "requires a plaintiff to show that he (1) suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority; which (3) was the proximate cause of his injury." *McFields v. Dart*, 982 F.3d 511, 516 (7th Cir. 2020) (quotation marks and ellipses omitted). Easton has not alleged that T. Miller's actions

were the result of a policy, custom, or practice of either the sheriff's department of the county.

For these reasons, the court:

(1) GRANTS Darious Eugene Easton leave to proceed against Officer T. Miller in his individual capacity for compensatory and punitive damages for forcing him to enter a recently flooded cell with feces all over the floor where he fell and suffered a concussion, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Elkhart County Sheriff's Department and Elkhart County;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer T. Miller at Elkhart County Sheriff's Department, with a copy of this order and the amended complaint (ECF 20);

(5) ORDERS Elkhart County Sheriff to provide the full name, date of birth, and last known home address of the defendant if he does not waive service and if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer T. Miller to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 24, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT